

Gerald C. Mann
ATTORNEY GENERAL

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN, TEXAS

Honorable Wayne Lefevre
County Auditor
Clay County
Henrietta, Texas

Dear Sir:

Opinion No. O-2948
Re: Mileage allowance to arresting
officer.

You request our opinion on the question:

"When a Sheriff or Constable goes to another
County and arrests the defendant on a misdemeanor
charge and the defendant makes the bond where ar-
rested and does not return with the officer, is
the officer entitled to mileage? If allowed, how
much per mile? How much per mile for each addi-
tional prisoner under the same circumstances?"

We held in our Opinion No. O-1240 that a sheriff or
constable has the authority to go beyond his county or pre-
cinct to make an arrest with a warrant, but that he possessed
no such authority in the absence of a warrant. Your inquiry
does not advise us with respect to this proposition. We
therefore predicate this opinion upon the assumption that
proper warrants were issued in the cases involved in this in-
quiry.

The fees to be allowed peace officers in misdeman-
or cases are provided in Article 1065 of the Code of Criminal
Procedure of Texas, 1925. Section 11 thereof provides in part:

"For each mile he may be compelled to travel
in executing criminal process and summoning or
attaching witness, seven and one-half cents....
If two or more persons are mentioned in the same
writ, or two or more writs in the same case, he
shall charge only for the distance actually and
necessarily traveled in the same."

Section 10 of the same article provides for mileage
at the rate of twelve and one-half cents per mile for conveying
a prisoner arrested on a warrant or capias from another
county to the court or jail of the county from which the
process was issued. Such provision, however, is not in-
volved in the instant inquiry and your questions are con-
trolled by Section 11, above quoted.

In view of the foregoing statutory provisions, you
are advised that the sheriff or constable would be entitled

to mileage at the rate of seven and one-half cents per mile for all mileage necessarily traveled going and returning by the nearest practical route. The fact that more than one person might be arrested on the same or other warrants would make no difference in the mileage rate where all parties arrested made bond and were not returned. He would, of course, be entitled to collect at the same rate for such additional miles as he might be required to travel in executing process upon the additional person or persons.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By /s/ Lloyd Armstrong
Assistant

LA:AW:jrb

APPROVED DEC. 18, 1940
/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

APPROVED OPINION COMMITTEE
BY BWB, Chairman